SMITH, Justice,
for the Court:
Joe Lewis Graves appeals from conviction under a multicount indictment of kidnapping and capital rape as a recidivist. He was sentenced as an habitual offender to serve 25 years in the Mississippi Department of Corrections without benefit of parole or probation for the kidnapping conviction and life for the capital rape conviction, the second sentence to be served consecutively to the first. We affirm his conviction and sentence.
On appeal, Graves raises the following issues:
A. Whether the trial court erred in refusing to grant a directed verdict, peremptory instruction, or JNOV to the capital rape charge, because the only testimony concerning actual penetration of the victim was her uncorroborated testimony;
B. Whether the trial court erred in refusing to grant Graves a directed verdict, peremptory instruction, or JNOV on the kidnapping charge;
C. Whether the evidence adduced at trial was legally sufficient to support a conviction on either of the charges of kidnapping and capital rape;
D. Whether the jury verdict was contrary to or against the weight of the evidence;
E. Whether Miss.Code Ann. § 99-7-2 (Supp.1991) is unconstitutional because it is. in conflict with the Uniform Rules of Circuit Court Practice and beyond the state legislature’s authority to enact;
F. Whether Miss.Code Ann. § 99-7-2 (Supp.1991) should be declared unconstitutional because it is in conflict with the rulemaking authority of the Mississippi Supreme Court; and
G. Whether the trial court erred in failing to hold a multicount indictment severance hearing.
*361 THE FACTS
On February 10, 1990, in the early afternoon, Graves, age 44, accompanied by D.C.[1], age 12, and S.S., age 12, went to the home of Mrs. Dorothy Dedeaux. Graves told Mrs. Dedeaux he came to get D.D., her granddaughter, 11 years of age, to go with them to Fun World. Mrs. Dedeaux refused to permit D.D. to go with the parties. Graves surreptitiously induced D.D. to leave the Dedeaux residence on the pretext that he would take her to Fun World with the other children. Instead, Graves took the other children to a washerette, and D.D. to a local motel room. He locked the child in the room, blocked the door so she could not leave, and forced her to remove her clothes and engage in sexual intercourse with him. He was subsequently identified and apprehended.
D.D. was taken to a local hospital, examined and treated by a physician who testified during trial that her vaginal vault had been penetrated. D.D. also testified that she had been penetrated.
DISCUSSION
On appeal Graves presents a plethora of asserted issues for our review. He challenges the legal sufficiency as well as the weight of the evidence. He contends that Miss.Code Ann. § 99-7-2 (Supp.1986) is unconstitutional because it conflicts with the inherent power of this Court to make rules of practice and procedure. Graves also questions the severance procedure conducted in the trial court.
We have carefully examined the record and find no merit in the issues presented for review.
The rules promulgated by this Court do not conflict with Miss.Code Ann. § 99-7-2 (Supp.1986). This Court’s approval of multi-count indictments was made indelibly clear in McCarty v. State, 554 So.2d 909, 914 (Miss. 1989). See also Blanks v. State, 542 So.2d 222, 225 (Miss.1989).
The trial court followed the general severance procedure outlined in Corley v. State, 584 So.2d 769, 772 (Miss.1991). Graves’ pretrial severance motion was heard and considered by the court. Case facts were requested and received in the presence of Graves and his counsel. No objection was made to the recited facts. Silence of Graves and his counsel constituted an admission of the recitals. See Folk v. State, 576 So.2d 1243, 1246 n. 4 (Miss.1991).
The evidence is sufficient to support the jury verdict. See Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987). Further, the trial court did not abuse its discretion in overruling Graves’ motion for a new trial. Pierre v. State, 607 So.2d 43, 54 (Miss.1992).
CONCLUSION
We find no merit in any of the issues raised by Graves for our consideration. Convictions of kidnapping and capital rape as a recidivist, and sentence as an habitual offender to serve twenty five (25) years in the Mississippi Department of Corrections without benefit of parole or probation for the kidnapping conviction, and life for the capital rape conviction, the second sentence to be served consecutively to the first, is affirmed.
COUNT I—CONVICTION OF KIDNAPPING AND SENTENCED AS A HABITUAL OFFENDER TO SERVE TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PAROLE OR PROBATION AFFIRMED. COUNT II—CONVICTION OF CAPITAL RAPE AND SENTENCED TO LIFE IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.

. Minors are referred to by initials to protect their identities.